COURT OF CHANCERY, JUNE TERM, 1801.

Conway, *et al. vs.* Green's Adm'r.

BILL filed for an account of an intestate's personal estate, to be distributed among his legal representatives.

The questions in this case were two.

1st. Whether one of the representatives of a person deceased could support a bill in equity against the administrator for his share of the intestate's estate? And

2d. Whether a purchase made by the administrator at his own sale, under an order of the orphans court was not void?

One of the representatives of a deceased person may support a bill in equity against the administrator for his share of the intestate's estate.

An administrator or executor cannot purchase at his own sale. The orphans' court having ratified such sale, does not preclude the court of chancery from setting it aside.

Could the orphans court, before the act of 1798 ch. 101, set aside a sale where the executor or administrator acted fraudulently, &c?

1. For the defendant it was contended, on the first question, that an administrator stands in the same relative situation to the representatives of his intestate, that all trustees do to those interested in the trust; and that in the last case it was settled that all must join in a suit against the trustee. For which were cited, 1 *P. Wms.* 428, 429. 1 *Vern.* 110. 1 *Eq. Ca. Ab.* 72. *Nelson's Cha. Rep.* 243.

2. On the second question, that the rule of equity, prohibiting trustees to purchase at their own sale, was confined to sales voluntarily made by them. But that whatever that rule might be, it could not apply to this case, since this purchase had been confirmed by the orphans court in the settlement made there by the defendant—That court having competent jurisdiction for that purpose.

HANSON, Chancellor. The first question is, Whether or not there are sufficient parties?

The chancellor conceives that there are. *Margaret Conway,* and the other complainants, could not compel the rest of the representatives to join them as complainants. Why should they make defendants of them, when from them they are to seek no relief? In fact, the chancellor considers a representative, entitled to a distributive share, on a footing with a legatee. No

reason appears to him wherefore a cause may not be decided between one such representative and the administrator, as well as between one legatee and an executor. Why shall this court adopt rules which must inevitably bring on it the charge of oppression? Why make parties of persons who do not wish to complain, and who have nothing demanded from them?

There being competent parties, the next question is, whether the complainants have shewn themselves entitled to relief?

The chancellor earnestly wishes it understood, that, in his opinion, no rule of this court, adopted for the prevention of fraud, ought to be relaxed; but that, on the contrary, rules against fraud ought to be as strict as possible. He has known more than one instance where a trustee has openly purchased, and there was no reason to doubt the fairness of his conduct, and yet this court would not ratify the sale. It would not establish a precedent, for this plain reason, that, if such sales were allowed, there would be practised frauds impossible to be detected, as indeed are more than nine in ten of the frauds which are perpetrated. There is even a stronger reason for not permitting an executor or administrator to purchase, than for preventing a trustee appointed by this court, or by the deed of an individual. An executor or administrator, under the laws existing at the time of the sale by the defendant, had every thing in his own hands. It is by no means admitted, that the orphans court could legally set aside a sale, although perhaps some orphans courts exercised such a power. It seems to the chancellor, that before the adoption of the new testamentary system, (1798, *ch.* 101) the orphans court on application, had only a power of directing a sale, and that if in making the sale, the executor or administrator acted fraudulently, or betrayed his sacred trust, the relief was to be sought only, as it is in the present case, in the court of chancery. He conceives then, that the settlement of the orphans court ought not to preclude the complainants from the relief they pray for by their bill. And even if the orphans court

had the power of setting aside the sale, it does not follow that this court lost its jurisdiction. There is no doubt that the defendant at his own sale purchased to a large extent; and that the prices were far below the appraisement. The former circumstance was sufficient without the latter. But it is even proved that the property was not distributed into lots, so as to make it likely to sell advantageously. There are other circumstances which it is not necessary to mention.

*Decreed*, that the defendant account, &c. That he be charged for the personal estate according to the appraisement, &c.

*Ridgely*, for Complainants.
*Shaaff*, for Defendant.