HALL vs. GRIFFITH.

December.

APPEAL from a decree of the Orphans Court of *Harford* county. *Griffith*, (the appellee,) together with his wife *Cordelia*, since deceased, representatives of *John B. Hall*, deceased, by their libel, exhibited on the 18th of September

1809.

Hall
vs
Griffith

An administrator must comply with an order of the orphans court directing a sale of the personal estate of the deceased for the payment of debts, and cannot retain the property at the appraised value, on paying the debts out of his own funds to the amount of the appraisement.

After payment of the debts of the deceased, and all legal costs and charges attending the administration, the administrator must deliver over the residue of the personal estate specifically to the representatives of the deceased.

Where an administrator retained a part of the personal estate of the deceased, at the appraised value, and sold a part for the benefit of the estate, and a part his own property—*Held*, that he must account for the increase of the slaves, and for the use, labour and hire, of all slaves retained or hired by him; and where one of the slaves had run away, he must account for such slave at the appraised value, unless he used all reasonable endeavours to regain possession of such slave. He is to be allowed for money expended in clothing and maintaining such of the slaves as were unable to work, and in bringing up, clothing, &c. the increase of slaves, so long as they continued a charge. Also for all debts paid, for his commission, and all legal costs. He is to be charged with the amount of the inventory, with the sum gained on the sales of the property, and with the debts received,

ber 1805, alleged to the orphans court that *Aquila Hall,* (now appellant,) the administrator *D. B. N.* of *John B. Hall,* had made sales of sundry slaves, and other articles, belonging to the estate of the deceased, and had never accounted for the amount of the sales, but only for the amount of the appraisement. That the sales greatly exceeded the amount of the appraisement. That he retained in his hands sundry articles belonging to the estate, and has had the use, profit and labour, of sundry of the slaves, for which he never accounted. That sundry of the slaves have had increase, which remain in his possession unacounted for. *Prayer* for an account, &c. *Hall,* by his answer, stating that he was appointed administrator *de bonis non* of *John B. Hall,* some time in the year 1790, admitted, that before he obtained an order from the orphans court for that purpose, he had sold sundry articles liable to waste, &c. on a credit, amounting, according to the appraisement, to £79 8 1, and according to the sales to £93 19 6, a part of which he had not received, owing to the insolvency of the purchasers. He admitted that he received sundry slaves, and other articles, as stated in the inventory, amounting to £723 2 4. That he obtained an order from the orphans court to sell as much of the property as would pay the debts of the deceased, and it was understood, between the court and him, that it was discretionary to sell or not, owing to the difficulty of selling property at that time for cash, and the order did not authorise him to sell upon credit. That he sold some of the slaves, and if he had sold all the property in the inventory for cash, it would not have discharged the debts of the deceased; and under that impression, and to save the real estate from being sold, he paid the debts out of his own money, and retained the personal property for the same. That upon *settlement* of his accounts with the orphans court, they would not allow him to charge the estate with any interest, after 18 months, from the date of his letters of administration, although he paid considerable sums of interest after that time. That one of the slaves had run away. That he had paid, and been allowed by the orphans court, debts and commissions to a considerable amount more than the appraisement, viz. £820 13 11. He admitted the increase of some of the slaves, and that such increase was in his possession. That he was at considerable expense in supporting old, infirm

1809.

Hall
vs
Griffith

slaves, and in bringing up, maintaining and clothing, the increase; and that he had since sold sundry of the slaves as his own property. The orphans court decreed, that *Hall* ought to account for the sales of such part of the estate of the deceased as he had already sold, and that the residue of the estate, as contained in the inventory returned, he could not retain and keep at the appraisement, but that he ought to pursue the order of the court of the 9th of August 1791, which directed him to sell so much of the personal estate of the deceased, as might be sufficient to pay the debts. From this decree *Hall* appealed to this court.

The cause was argued before CHASE, Ch. J. BUCHANAN, NICHOLSON, GANTT, and EARLE, J. by

*Martin*, for the Appellant; and by

*Johnson*, (Attorney General,) for the Appellee.

CHASE, Ch. J. delivered the opinion of the court. The court are of opinion, that the appellant, as administrator *de bonis non* of *John B. Hall*, ought to have sold at public sale, pursuant to the order of the orphans court made on the 9th of August 1791, as much of the personal estate of the deceased as would have been sufficient to discharge and satisfy all the debts of the deceased, and all legal costs and charges attending the administration, and ought to have delivered over the residue of the personal estate, specifically to the representative of the deceased, the libellant in this suit; that the appellant had no right to retain the personal estate at the appraisement, on his paying the debts of the deceased to the amount of the appraisement. That the appellant account for the increase of the negroes, and for the use, labour and hire, of all negroes retained or hired out by him, and that he account for negro *Corbin*, (who ran away,) at the appraised value, unless the orphans court shall be satisfied that the appellant used all reasonable endeavours to regain possession of that negro. That he be allowed all sums of money necessarily expended by him in clothing and maintaining such of the negroes, named in the inventory, as were not able to work and maintain themselves, and in bringing up, maintaining and clothing, the increase of any of the negroes, so long as they continued a charge. That he be allowed all sums of money

paid by him to the creditors of the deceased, his commission, and all legal costs and charges. That he be charged with the amount of the inventory, exclusive of the negroes—with the sum gained on the sales thereof; with the amount of the negroes sold; with debts received by him; and that an account be taken and made out in conformity to the principles and directions herein stated. That the appellant proceed to sell at public sale, for cash, as much of the personal estate as may be necessary to defray and satisfy any balance which may be due to the creditors of the deceased, and the appellant, on a settlement to be made pursuant to the principles aforesaid.—*Decreed*, that the decree of the orphans court be reversed, and that that court proceed, without delay, to compel the appellant, as administrator *de bonis non* of *John B. Hull*, to settle the estate in conformity to the principles set forth herein, and that the appellant deliver over to the appellee, the negroes which may remain in his hands after settling the estate in the manner above directed; and that the appellant pay to the appellee the costs by him incurred in this court.

DECREE REVERSED, &c.