THE MAYOR AND CITY COUNCIL OF BALTIMORE, vs. ANN
CHASE, et. al.—June, 1830.

C filed a bill in Chancery to recover dower in certain real property, upon
which that Court appointed a receiver to receive the rents and profits
pending the controversy. After this, The Mayor and City Council of Balti-
more filed their petition against the receiver, praying to be paid for taxes
due on said property prior to the time of the receiver's appointment, out
of the rents which had come to his hands. The petition did not aver that
there was no personal property of the tenant in possession to be found
sufficient to pay the taxes charged, nor was the tenant in possession at the
time the taxes became due, who, by law, is chargeable with their pay-
ment, made a party. HELD, that they could not recover.

It is a well settled principle, that the Court of Chancery will not order a re-
ceiver to pay over, or account for the rents and profits to a party, when the
land is not charged with the payment of his claim.

In the collection of taxes imposed upon real estate within the city of Balti-
more, for the year 1821, the ordinances of that city imposing them, having
referred to the Laws of the State, for the manner of collecting them, the
land can never be sold for their payment, unless the Collector can find no
personal property liable for the payment of the tax. If personal property
can be found, it must be made liable in the first instance.

APPEAL from the Court of Chancery.

This petition, which was filed on the 27th October, 1826,
by the appellants, stated, that certain taxes due to them for
the year 1821, upon certain real estate in the city of Balti-
more, (and which was then in the hands of a receiver, ap-
pointed by the Court of Chancery, in the case of Hannah K.
Chase, against the appellees,) amounted to the sum of $156.
That said taxes were duly imposed by ordinances, passed in
virtue of the act of incorporation of The Mayor and City
Council of Baltimore, and the several supplements thereto.
They therefore prayed that the said receiver, out of the
rents and profits of said estate, be authorised and directed by
an order of the Court, to pay the said sum of money, with
interest thereon, from the 1st day of January, 1822.

On this petition, Bland, Chancellor, passed the following
order, March 23, 1827 : On the aforegoing application, it is
ordered that the receiver in the said case, pay out of the first
money received by him, as receiver, the sum claimed by this

petition, unless cause to the contrary be shewn by the parties to the said cause, before the 16th day of May next: *Provided* a copy of this order, and the aforegoing petition, be served on the said parties, or their solicitors, before the 16th of April next.

The defendants, *Ann Chase, Matilda Ridgely* and *Samuel Chase,* to this petition, pleaded *non assumpsit,* and the act of limitations, and by their *answer* denied that the appellants have any just or equitable claim, or lien, or charge whatever on the premises in the proceedings mentioned, which can be decided in a Court of Chancery; and they insisted, that if the appellants have any claim at all against them, it is a legal claim, and properly examinable in a court of law.

The petitioners filed their account for the said taxes, with the affidavit of the collector of the city tax annexed, that the bill for the same was duly delivered, and that no part thereof has been paid, or satisfied, but that the whole is still due and owing to the said petitioners; and also a copy of the assessment of the property, and of the ordinances imposing the taxes and tax bill, all under the corporate seal.

BLAND, Chancellor, (June 28th, 1827.) After hearing the parties by their solicitors, and considering the petition, plea or answer thereto, and proceedings, I am of opinion that the case set forth by the petition is not one of such an equitable character as falls within the cognizance of this Court. Whereupon it is ordered, that said petition *be dismissed with costs.*

From this order the petitioners appealed to the Court of Appeals.

The case was argued before BUCHANAN, Ch. J., EARLE, MARTIN, STEPHEN, and ARCHER, J.

*Scott,* for the appellant, contended, 1. That the taxes mentioned in the petition were duly imposed and chargeable upon the premises, in the proceedings referred to in

378     CASES IN THE COURT OF APPEALS

The Mayor and City Council of Baltimore *vs.* Ann Chase, *et al.*—1830.

the case of *Hannah K. Chase* vs. the appellees, in which the said petition was filed.   2. That the rents and profits of the property were the proper fund out of which the said taxes should have been paid.   3. That those rents and profits being in the hands of a receiver, theretofore appointed by the Chancellor in the said cause, and under the control of the Court of Chancery, that the Chancellor should have directed the payment of the taxes by the receiver, out of rents and profits of the estate, and erred in dismissing the petition of the appellants.   He referred in his argument to the acts of 1796, *ch.* 68.   1817, *ch.* 148.   1817, *ch.* 195.   1818, *ch.* 122.   *The Ordinances of the Mayor and City Council of* 1821, *ch.* 20.   1821, *ch.* 37.   *The Act of* 1825, *ch.* 184.   1 *Cov. Pow. on Mortg.* 294, (*note*) 299, (*a*) 299, (*b*) 302, (*a.*)   *The Act of* 1817, *ch.* 148, *sec.* 4.

*A. C. Magruder*, for the appellees, contended, 1. That the Court of Chancery has no jurisdiction to collect taxes for the city of *Baltimore.*   The Court might, perhaps, have entertained the petition, if the application had been to pay taxes accrued while the premises were held by the receiver, but here they accrued before his appointment.   2. The taxes were disputed, and there is no evidence that they were due.   The affidavit of the collector, and the certificate of the assessment, &c. under the corporate seal, is not such evidence as the act of 1825, *ch.* 184, requires.   3. But the party in possession of the premises in 1821, when the taxes accrued, was the proper person to pay them, and who he was does not appear.   4. By the act of 1797, real estate is made subject to be sold for taxes, where the personal is insufficient; but only when its requisitions are fully complied with, of which there is no proof in this case.

STEPHEN, J. delivered the opinion of the Court.

The object of the petition filed in this case, was to recover certain taxes due to the corporation of the city of *Baltimore* for the year 1821.   Some time prior to the filing

of the petition in this case, a bill was filed in the high Court of Chancery by *Hannah Kitty Chase*, against these defendants, and others, for the purpose of recovering her right of dower in the property upon which the tax was imposed. In that case the Chancellor thought fit to appoint a receiver, to receive the rents and profits pending the controversy between the parties. This receiver was appointed in the year 1826, long subsequent to the time when the taxes became due. The petition prayed the Chancellor to pass an order authorising and directing the receiver to pay the said taxes, amounting to the sum of $156, with interest thereon from 1st January, 1822. On this petition the Chancellor passed the order, and the proceedings before set forth took place.

In the first place it will be remarked that it is not averred by the petition that there was not personal property upon the premises sufficient to pay the taxes charged, nor is the tenant in possession at the time the taxes became due, made a party to the proceedings. By the act of 1796, *ch* 68, to erect *Baltimore* town into a city, the corporation are vested with power to lay and to collect taxes, and to pass all ordinances necessary to give effect and operation to all the powers vested in the corporation of the city of *Baltimore*. This power and jurisdiction to lay taxes, was, by the act of 1796, subject to a limitation, as therein prescribed; which restriction, however, is removed by the act of 1817, *ch.* 148, *sec.* 4, by which it is enacted "that the *Mayor and City Council of Baltimore* shall have power to lay and collect *direct* taxes, on the assessment of private property within the city, to such an amount as shall be thought necessary for the public or city purposes; and may enforce the collection of all dues and impositions, except fines, penalties and forfeitures, in the same manner as is now provided with respect to city taxes; and tenants in possession shall be liable to the payment of taxes imposed upon premises occupied by them, without its operating however to alter the nature of contracts between landlords and tenants."

Under these delegated powers, the taxes in question were imposed by ordinances passed in 1821, Chs. 20 and 37. Sec. 3 of Ch. 20 provides that the taxes imposed by that law shall be collected and paid in the manner prescribed by the laws of the State, or ordinances of this corporation; and sec. 1 of Ch. 37, provides that the said direct tax shall be paid and collected in the manner prescribed by acts of Assembly, or ordinances of the city. By the 10th sec. of the act of incorporation, it is enacted "that the person or persons appointed to collect any tax, imposed in virtue of the powers granted by this act, shall have authority to collect the same by distress and sale of the goods and chattels of the person chargeable therewith; but no sale shall be made, unless *ten* days previous notice thereof be given; and if the tax imposed shall be chargeable on any real property, and no goods or chattels can be found, liable to be distressed therefor, the same may be recovered by action of debt, or attachment in *Baltimore County Court,* in which no imparlance shall be allowed." By the provisions of this section, it is clear that no power is given to sell the land, but the collector is to recover the tax by distress of the goods and chattels of the person chargeable with the tax, who, we have seen by the act of 1817, before referred to, is the tenant in possession of the property upon which the tax is imposed. The several ordinances imposing the taxes in question, having referred to the laws of the State for the manner of collecting them, it becomes necessary to advert to the several acts of Assembly upon that subject. By the act of 1794, *ch.* 53, *sec.* 1, the *Levy* courts are directed to appoint a collector for the several counties, to collect the county charges; and the 7th sec. provides, "that if any collector shall proceed to the sale of any goods or chattels, to enforce the payment of the county charge, he shall be entitled to receive the same fees as are, or shall be established by law, on the service of executions." The act of 1797, *ch.* 90, provides "that where any lands may become charged for the payment of county taxes, and

the collector of the county can find no personal property in said county liable for, or chargeable with, the payment of the same, the land, in the manner therein specified, may be sold, by order of the commissioners of the tax, to the highest bidder, to discharge the taxes thereon due." By the provisions of this act of Assembly, it appears that the land can never be sold for the payment of taxes for which it is charged, unless the collector can find no personal property liable for the payment of the tax. If personal property can be found, it must be made liable in the first instance. As therefore, the petition in the case does not allege that there was no personal property which could be made liable, it follows necessarily that no ground was furnished by it, for the interposition of a court of equity; and the Chancellor was clearly right in refusing the application to compel his officer to pay the same out of the rents and profits received by him. It is also clear, upon established principles, that the tenant in possession, who by law is chargeable with the payment of the tax, ought to have been made a party, for the purpose of ascertaining whether or not the tax had been paid; on the same ground as has been decided by this Court, that the executor or administrator must be made a party where a Court of Chancery is resorted to for a sale of the real property, for payment of debts, where the personal fund is charged to be insufficient for that purpose. *Tyler, et al. vs. Bowie's Adm'rs,* 4 *Harr. and Johns.* 333. It is also a well settled principle, that the Court of Chancery will not order a receiver to pay over, or account for the rents and profits to a party, where the land is not charged with the payment of his claim. As where there was a mortgage for one hundred years, to raise portions for daughters. After the expiration of the mortgage term, the Court would not compel the receiver to account for the rents and profits received during the term, after it had expired, the land being then discharged. To entitle themselves to be paid in this case by the receiver,

it was necessary to shew by their petition, that they had a right to proceed against the land to satisfy their demand. *Gusley vs. Adderley,* 1 *Swanst. Rep.* 573.

DECREE AFFIRMED.