WILSON v. STOLLEY. See Cases Nos. 1,-962 and 1,963.

## Case No. 17,840a.

### WILSON v. TAYLOR.

[2 Hayw. & H. 334.] [1]

Orphans' Court, District of Columbia. Dec. 20, 1859.

#### ADMINISTRATORS—DECEDENT'S ESTATE.

An administrator cannot acquire the title to the property of the deceased by paying his debts. The property must be sold and accounted for by him.

[This was an action by Mary A. and Michael P. Wilson against Marion M. Taylor.] A summons was served on the administrator to show cause why he does not distribute the balance in his hands as administrator de bonis non of Geo. B. Scott, deceased.

PURCELL, J. M. M. Taylor qualified as administrator of George B. Scott, deceased, and returned an inventory of the personal estate, being slaves and other perishable property, and he is duly charged with the same. Subsequently he credits himself before the register, who is also regarded as auditor of this court, and stated his account in the usual mode, with sundry debts paid by him against the estate, and then charges himself, in his own account as guardian, with the balance, being the difference between said inventory and debts by him paid, no previous order of publication for a final settlement asked or obtained from the court by Taylor, the administrator. At the time said settlement was made the distributees were minors and females who have since married the petitioners. It is a strange idea that an administrator, except by consent of parties, becomes the owner of perishable property because he charges himself with an inventory which the law of 1798 imperatively requires him to do, for the information of the court, heirs and creditors, because he has paid debts to that amount. There are but two modes of disposing of the property of intestates: One by a proper sale previously ordered and directed by the court, when the property is incapable of division or for the payment of debts. An executor or administrator cannot buy at his own sale. See Conway v. Green, 1 Har. & J. 151; Davis v. Simpson, 5 Har. & J. 147; Seaglach v. Harris, 4 Har. & J. 67. The account in this case must be reformed in the following manner:

[2] [From 1 Fish. Pat. Rep. 261.]
[1] [Reported by John A. Hayward, Esq., and George C. Hazleton. Esq.]

A public sale of the perishable property must be made by the administrator after giving at least three insertions in some newspaper of the time and place of sale, published in the city daily on a credit of sixty days for bonds with approved security for sums over $5, and all sums of $5 and under cash. When the amount of sale is collected, returned approved and stated by the register a publication to creditors and heirs for a final settlement must be made. The administrator is to be charged with hire at $150 per annum; that being the amount he charged himself with the first year, for the two slaves embraced in the inventory. See Hall v. Griffith, 2 Har. & J. 483; Haslett v. Glenn, 7 Har. & J. 17. When the above orders are completed the court will order the amount, after the payment of debts and proper expenses, to be paid to the distributees; as the relation of guardian and ward ceased on the marriage of the minors with the petitioners. See Wilson v. Boyer, 1 Har. & J. 297.