HIRAM WOODS, EUGENE LEVERING and CHARLOTTE B. FULLER, Executors of RICHARD FULLER *vs.* FLORENCE FULLER, and others. CROSS-APPEALS.

*Jurisdiction in Equity as to the Supervision of the Settlement of estates of Deceased persons—Duty of Executors in respect of Legatees—Life Tenant—Remainder-man—When a Court of Equity will assume Jurisdiction.*

In order to give Courts of equity jurisdiction to superintend the settlement of an estate of a deceased person, or to distribute the legacies at the instance and request of the executor, he must show some special circumstance, such as a trust devolved upon him by the will, and about which he is doubtful, or at least something more than the mere payment over of a legacy after the debts of the deceased are paid.

With regard to personal property, other than money, or such property, whose only use is conversion into money, the duty of the executor is the same, whether the legatee takes for life or absolutely; in either case the executor must pay over the legacy to the legatee. If the person entitled to the remainder apprehends loss by the act of the life tenant, he has his remedy against such life tenant.

A Court of equity will not take jurisdiction unless it can afford immediate relief; nor will it undertake, where there is no matter in dispute, to declare future rights. It will never undertake to decide upon and determine a contingency that may never arise, unless such determination is necessary to the granting of some immediate relief which the Court can enforce by a decree.

CROSS-APPEALS from the Circuit Court of Baltimore City.

These appeals were taken from a *pro forma* decree, passed by consent of counsel, requiring the complainants to bring into Court such funds as they might have belonging to the estate of their testator, and to make report of such personal property as might be in their possession, in order that the same might be distributed in accordance

with the provisions of the will, and said decree. The papers in the cause were referred to the auditor for the purpose of making such distribution. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Skipwith Wilmer*, for the executors.

*Phil. H. Tuck*, and *William H. Tuck*, for Florence Fuller and Richard F. Kimball.

STONE, J., delivered the opinion of the Court.

In this case the executors of Richard Fuller filed a bill in the Circuit Court of Baltimore City against the legatees, in order to obtain *the opinion* of the Court as to the true construction and meaning of the will of their testator. They say that they are prepared to close their administration, but that they are embarrassed because the will is open to two constructions.

One is, that the testator's daughter Florence, and his grandson Richard F. Kimball take under the will an absolute title to the property bequeathed to them.

The other is, that his daughter and grandson take only a life estate in the property. They therefore ask the direction and guidance of a Court of equity in making the distribution.

The duties of the executors, the complainants, are only the ordinary duties that appertain to all executors. They are only required to reduce into possession the personal estate of their testator, discharge his debts and the expenses of the administration, and pay over the legacies to the legatees. They are charged with no special duties whatever, and have no trusts to execute, except the trust that necessarily belongs to every executor; that is to say,

to pay the debts and expenses and pay over the legacies. Their duties are as simple and as uncomplicated as the duty of any executor can be, who undertakes to settle an estate.

It is very certain that the supervision of trusts is the province of a Court of equity, and that an executor who has, in addition to his ordinary duties, a trust imposed on him by his testator, has always, if in doubt, the right to ask, and have the direction of a Court of equity as to how he shall discharge his trust.

But it is equally certain, that the Orphans' Courts of the State are the tribunals in which, ordinarily, the estates of deceased persons must be settled; and in order to give Courts of equity jurisdiction to superintend the settlement of an estate, or to distribute the legacies *at the instance and request of the executor*, he must show some special circumstances, such as a trust devolved upon him by the will, and about which he is doubtful, or at least something more than the mere payment over of a legacy after the debts are paid.

The executors in this case seem to have supposed that if the legatees, Florence and Richard, were entitled only to a life estate in their legacies, that then the duty of the executors would be to invest the legacies, and pay the interest over to the legatees for life. If we admit this to be so, still the legacies that fall within the operation of that rule are *money or things whose use is conversion into money*, and the rule does not by any means include *all* personal property. With regard to personal property, other than money, or such property whose only use is conversion into money, the duty of the executor is the same, whether the legatee takes for life or absolutely; in either case the executor must pay over the legacy to the legatee. If the person entitled to the remainder apprehends loss, by the act of the life tenant, he has his remedy against such life tenant.

The bill in this case does not disclose the nature of the personal property, now in the hands of the executors, and which they say they are prepared to pay over. It does not indicate whether it is specific property, such as plate, furniture, &c., or money, or property whose use is its conversion into money.

Nor does it fix the amount or value of such property. But there is another and stronger reason why the bill in this case should not be entertained. A Court of equity will not take jurisdiction, unless it can afford immediate relief, and certainly will not undertake, where there is no matter in dispute, to *declare future rights. Heald vs. Heald, et al.*, 56 *Md.*, 300. It will never undertake to decide upon and determine a contingency that may never arise, unless such determination is necessary for the decision of some immediate relief to be granted, and which the Court can enforce by a decree.

It must be borne in mind that the *decree* of a Court of equity, and not its *opinion,* is the instrument through which it acts in granting relief. However sound and clear such *opinion* may be, as an abstract proposition of law, yet if the principle it declares cannot be carried into effect by a decree, in the case in which it is given, it is wholly valueless, and an idle and nugatory act.

Courts of equity were not instituted for any such purpose. What relief could the Court then grant under the bill in this case? At most the Court could only pass a *hypothetical* order, and which would really settle nothing practical in the case. If this Court were of opinion that the legatees Florence and Richard did only take life estates, what decree could they pass? Only that *if* the property consisted of money, or property whose use is conversion into money, that it should be invested by the executor.

Such a decree might be a vain act, as it might be shown that there is really no property of that description in the hands of the executors, and thus the whole proceeding would go for nought.

Woods, *et al.*, Ex'rs *vs.* Fuller, *et al.*

Such a decree would in fact settle nothing finally, for another proceeding would have to be taken, to ascertain the amount of such property, even if there was property liable to investment.

Every party to this proceeding has a full and adequate remedy to settle, and determine every matter of immediate and practical right between them.

The legatees have a full and complete remedy by an action at law, on the testamentary bond of the executors, if their legacies are improperly withheld from them. In such action the will of Dr. Fuller can be as well construed as by a suit in chancery.

Or the legatees have the right to file their bill in equity against the executors, showing both the character and amount of their legacies and claiming the same.

Or further, the executors themselves may by an *amended bill, showing* with accuracy and precision both the character and amount of the legacies, and *if the legacies consist of money, bringing the amount thereof into Court,* ask and have the order and decree of the Court directing their disposition of the same.

In order therefore that the executors, if they so elect, may have the opportunity to amend their bill, we will reverse the decree of the Court below and remand the case.

*Decree reversed, and*
*case remanded.*