## GEORGE M. HOUSMAN ET AL.

### vs.

## ADDIE BLANCHE MEASLEY.

*Orphans' Court—Caveat to Will—Issues to Circuit Court— Agreement of Compromise.*

Code, art. 93, sec. 235, giving to the orphans' court the power "to secure the rights of orphans and legatees and administer justice in all matters relating to the affairs of deceased persons," authorizes that court, before sending to a court of law issues under a caveat to a will, to decide as a preliminary question the right to caveat the will, as dependent on the validity and effect of an alleged agreement of compromise between the caveator and the caveatees.                    pp. 601, 602

The question whether the caveator to a will is debarred, by an agreement of compromise, from having issues as to the validity of the will sent to a court of law, is one upon which a party concerned may ask that issues be sent to such court.
                                                              p. 602

*Decided December 2nd, 1921.*

Appeal from the Orphans' Court for Baltimore County.

Petition by George M. Housman and others against Addie Blanche Measley. From an order dismissing the petition, petitioners appeal. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Edward H. Burke,* with whom was *H. Courtenay Jenifer* on the brief, for the appellants.

*C. Gus Grason,* with whom were *Harry B. Wolf, Moses Rosenfeld,* and *John Mays Little* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

Hester Catherine Baker, by her will, probated in the Orphans' Court of Baltimore County, bequeathed to her daughter, the appellee, four hundred dollars, and devised and bequeathed the residue of her estate, real and personal, to her nephews, the appellants. Appellee filed a caveat to the will, to which the executor and the appellants filed answers. Appellants also filed a petition alleging that the caveator was debarred from caveating the will by an agreement of settlement or compromise between her and the petitioners, which petition was as follows:

"Petition of George M. Housman, Wilson Housman, and G. Orville Bull.

"(Filed 24th day of May, 1921.)

"The petition of George M. Housman, Wilson Housman, and G. Orville Bull respectfully represents:

"1. That under the will of Hester C. Baker, late of Baltimore County, deceased, and duly admitted to probate in this Honorable Court on March 21, 1921, your petitioners are the residuary legatees and devisees of all the personal and real estate of the said deceased after the payment of the just debts and funeral expenses of said deceased and a legacy of five hundred ($500) dollars to Addie Blanche Measley, the daughter of said deceased.

"2. Your petitioners are the nephews of said deceased, and after said will had been admitted to probate as aforesaid and complete inventories, both real and personal, including the list of debts due the estate, had been filed in this court by Isaac Shaver, the executor of said will, your petitioners entered into a written agreement with the said Addie Blanche Measley under the hands and seals of the parties thereto, dated April 1, 1921, supplemented by a further agreement under date of April 4, 1921, said agreements being as follows:

" 'This Agreement, Made this first day of April, A. D. 1921, by George M. Housman, Wilson Hous-

man, and G. Orville Bull, parties of the first part, and Addie Blanche Measley, party of the second part:

" 'Witness the said George M. Housman and Wilson Housman, of the first part, agree to pay Addie Blanche Measley $500 each, and G. Orville Bull, of the first part, agrees to pay Addie Blanche Measley $1,000. The said Addie Blanche Measley, of the second part, agrees to accept this, with the amount of legacy named in her mother's will of $500, as her share of all the personal and real property of which her mother possessed at her demise.

" 'It is also agreed in the event of either party of the first part failing to abide by said agreement, then each party shall forfeit $3,000, to be paid to the party of the second part, and in the event of the party of the second part fails to abide by said agreement, then a forfeiture of $3,000 shall be paid to each of the parties of the first part.

" 'Witness our hands and seals day and year first written.

" '(Signed)    George M. Housman.    (Seal)
" '(Signed)    Wilson Housman.       (Seal)
" '(Signed)    G. Orville Bull.         (Seal)
" '(Signed)    Addie Blanche Measley. (Seal)
" 'Witness:
" '(Signed)    Isaac Shaver.
" '(Signed)    J. M. Routson.

" 'New Freedom, Pa., April 4, 1921.
" 'All of the parties to this agreement, George M. Housman, Wilson Housman, G. Orville Bull and Addie Blanche Measley, being present at the office of W. H. Freed, at New Freedom, Pa., have agreed and do hereby agree and consent that the within agreement shall be and is hereby endorsed to the effect that the money affected by this agreement shall be payable immediately upon its receipt from the estate of Hester C. Baker to the within named beneficiaries and parties hereto, and that the heirs, if any, of the par-

ties hereto shall be bound for the faithful performance of all and every the covenants and agreements in the within and foregoing agreement, same as and in all respects fully and like the parties hereto.

         " 'Witness our hands and seals at New Freedom, Pa., this fourth day of April, A. D. 1921.

     " '(Signed)   George M. Housman.   (Seal)
     " '(Signed)   Wilson Housman.     (Seal)
     " '(Signed)   G. Orville Bull.      (Seal)
     " '(Signed)   Addie Blanche Measley. (Seal)

" 'Witness: W. H. Freed.
" 'Witness: Lida Freed.' "

Appellee filed an answer to this petition, to which a general replication was filed by the petitioners, and the matter was set down for hearing; but, before the date set for the hearing, appellee withdrew her answer and filed a motion that the petition of appellants be not received; which motion was granted and the petition dismissed.

This appeal is from the order of the orphans' court granting said motion of appellee and dismissing appellants' petition. The single question raised by this appeal is whether or not it was the duty of the orphans' court to decide as a preliminary question the right of appellee to caveat the will and have issues sent to the circuit court, before sending such issues to that court for trial.

It is contended by appellee that the orphans' court was without jurisdiction to decide that question in this case, because to do so would be "to enforce a contract or to give force and efficacy thereto," and that such power is beyond the limited jurisdiction conferred upon that court.

We do not agree with this contention. What the court was asked to do was to determine whether appellee has such an interest in the estate disposed of by the will as to entitle her to have issues tried as to the validity of the will; and in this were involved the questions as to the validity and effect of the agreement set out.

Among other powers conferred upon the court by statute, is the power "to secure the rights of orphans and legatees and administer justice in all matters relating to the affairs of deceased persons." *Code,* art. 93, sec. 235.

In the case of *Macgill* v. *Hyatt,* 80 Md. 256, it is said that the language above quoted is very broad, "and shows the legislative intention was to confer adequate power and jurisdiction upon orphans' courts in every case in which their general powers would enable them to act."

And in *Pole* v. *Simmons & Pole, Executors,* 45 Md. 246, it was held that "where the orphans' court has jurisdiction over a matter, it has the right to hear and receive evidence in relation thereto; and if the evidence consist of written instruments, to examine and construe them, in order that it may properly apply it to the case before it."

And in *Safe Deposit & Trust Company, Excr.,* v. *Devilbiss,* 128 Md. 182, it was held that the question of the interest of the caveator and his right to file a caveat must be determined by the orphans' court as a preliminary question before sending issues to be tried as to the validity of a will; that this preliminary question should be first decided by that court, upon proof taken before it, or after the trial of appropriate issues relative thereto in a court of law.

The last two cases cited seem to be conclusive of the question at issue.

Of course the other side, if it so desired, had the right to ask for appropriate issues relative to this preliminary question to be tried in a court of law.

Being of the opinion that the orphans' court erred in refusing to receive the petition filed by appellants, we must reverse the order appealed from.

*Order reversed and cause remanded, with costs to appellants.*