TYLER, *et al.* vs. BOWIE's Adm'rs.

APPEAL from the Court of Chancery. The complainant below (the appellees' intestate,) filed a bill against the defendants, (the appellants) as the heirs at law of *R. B. Tyler*, deceased, for the sale of the real estate of which he died seized, to discharge a debt due to the complainant, for money paid as a surety for the deceased in a bond to the state—the personal estate being exhausted. The Chancellor decreed a sale accordingly, the claim of the complainant having been established, &c. From that decree the defendants appealed to this court.

Where a bill is filed in the court of chancery for the sale of the real estate of a deceased for the payment of his debt, on the ground that the personal estate has been exhausted, the executor or or administrator of the deceased must be made a party.

1818.

Tyler
vs
Bowie

The cause was argued before BUCHANAN, EARLE, MARTIN and DORSEY, J.

*Magruder*, for the Appellants, made two objections to the decree. 1. That nothing was due from the ancestor of the defendants to the complainant. And 2. That the administratrix of *R. B. Tyler*, ought to have been made a party, to render an account of the personal estate, which must be shown to be exhausted before recourse can be had to the real estate.

On the *second point*, he insisted that the insufficiency of assets must be established by the complainant, and that that could be done only by the answer of the administratrix. She should be required to show that she had administered the personal assets. She might show, if made a party, that payments had been made by her. She was bound to pay the debt to the state, which had a preference; and she would be guilty of a *devastavit* in paying other debts, and not that due to the state. He cited *Knight vs. Knight,* 3 *P. Wms.* 331.

*Stephen*, for the Appellees, contended, that the act of 1785, *ch.* 72, *s* 5, annulled the *English* law so far as to make it unnecessary that the executor or administrator of the deceased should be made a party in a proceeding like the present; and that the uniform practice under that law, in a case similar to this, had not been to make the executor or administrator a party—the act not requiring it on a bill to affect the real estate. Why is it necessary? To show, it is said, that there are no personal assets. The defendants are bound to show assets if there are any, and it is not for the complainant to prove a negative. The answer of the administratrix could not be evidence in favour of the heirs, but her testimony would be, where she is not made a party. It has been decided that there is no privity between the administrator and the heir. A judgment against the administrator is not evidence against the heir. The act of 1785 was intended to embrace peculiar cases, and was particularly applicable to our own state. The chancellor is to be satisfied of the justice of the claim, and that there are no personal assets. The proceedings of the orphans' court on the settlement made by the administratrix are at least *prima facie* evidence, and if not rebutted are considered conclusive evidence upon the subject of the deficiency of assets. Where a statute is in any manner equivocal, and there has been a long and uniform construction given to it, the court will not give a new and rigid one to it. There may be some cases in which the administrator has been made a party on an application for a sale of the real estate, but the general practice has been otherwise.

*Taney*, in reply. The reasons assigned in *Knight vs. Knight*, why the administratrix should be made a party, is

sufficient even if there were no other adjudged cases. Where there are two funds, personal and real, the complainant need not bring the heir before the court when resorting to the first fund for payment of his debt, but in resorting to the other, he must make the administrator a party. It is not merely to show the sufficiency or insufficiency of assets that this must be done, but to show whether or not the debt has been satisfied, which might be done by the administrator, without the knowledge of the heir. The act of 1785 has made no change in the law in this respect, and cannot admit of the construction contended for by the appellees' counsel. The sole object of that law was to give the chancellor power to sell the real estate of a deceased in certain cases. In all other respects the law remains the same. Although that act, for instance, is confined to minors and lunatics, yet could not the devisees, or other persons to whom land may descend, or who are jointly interested in it, be called upon? But under the construction given, although there may be persons jointly interested with the minor or lunatic, the creditor need only make the minor or lunatic a party, and take no notice of the persons jointly interested.

DECREE REVERSED.