DAVID, *et al.* vs. GRAHAME.—June, 1827.

On a bill for the sale of land mortgaged to secure the payment of a sum certain with interest, where the defendants admitted in their answer the original debt and mortgage, claimed no other credits than those allowed in the bill, and consented to a sale for the payment of the balance due to the complainant, the necessity for a decree to account, in order to ascertain the sum due before a sale was decreed, does not exist.

In a proceeding for the sale of the real estate of a person dying without leaving personal property, sufficient for the payment of his debts, it is necessary to make the executor or administrator of the deceased debtor a party.

Where a creditor is under no obligation to look to the personal estate of his debtor, as where he is seeking to subject to the payment of his debts a fund on which he has a specific lien, and with which the executor or administrator has nothing to do, he need not be made a party in such proceeding.

Under the 3d *section* of the act of 1785, *ch.* 72, a defendant is ordinarily entitled to have a day given him, to bring in money on a decree for the sale of mortgaged premises; yet that being for his benefit, he may waive it; and where the answer confesses the complainant's claim, and consents to a sale for the payment of it, on such terms as to the court should appear equitable, he is to be considered as having waived that benefit.

Where the court in their decree direct a sale of mortgaged premises to be on a credit of twelve months, it is equivalent to a day being given to a defendant, for the payment of the debt due by him.

APPEAL from a decree of *Calvert* County Court, sitting as a Court of Equity. The bill of the complainant, (now appellee,) filed on the 7th of October 1825, stated that *Joseph David*, deceased, the father of the defendants, (now appellants,) being indebted to him in the sum of £430, executed to him his bond for the payment thereof, with interest thereon; and for securing the payment thereof, on the 7th of October 1808, executed to the complainant a deed of mortgage of a lot of ground in the town of *Lower Marlborough*, with a proviso, that if the money was paid on or before the 6th of October then next ensuing the date of said deed of mortgage, then the complainant should

reconvey the said lot of ground to the said *David*, &c. The bill also stated, that of the mortgage money and interest, £173 1 5, and no more, had, at sundry times, been paid, which payments and the times, &c. are endorsed on the said mortgage exhibited; and that there still remains due and owing to the complainant, a considerable sum of money, with interest. That the said *David* is dead, leaving the defendants his heirs at law. *Prayer*, that the defendants may be decreed to come to a fair and just account with the complainant for the principal and interest due and owing, &c. and may pay the same by a short day to be appointed by the court; and in default thereof, that the mortgaged premises may be sold for the payment of what may be so found due to the complainant; or that the defendants may be absolutely barred and foreclosed of and from all manner of benefit or advantage of redemption; and for further relief, &c. The *answer* of the defendants admitted that *Joseph David* was in his lifetime indebted to the complainant as in the bill is set forth; and that he executed the deed of mortgage as therein is alleged. That in his lifetime he made sundry payments to the complainant on account of the debt, and which payments they believe are rightly credited and endorsed on the said mortgage, as of the times they were respectively made. Nor do they know or believe that any other or greater payments were made, either by the said *David* in his lifetime, or by any other person since his death. They admit there is a considerable sum of money and arrear of interest due to the complainant as he alleges, for the payment of which they are willing that the mortgaged premises should be sold, upon such terms as to the court may seem equitable. They admit themselves to be the heirs at law of the said *David*, &c. The County Court, [ *Wilkinson*, A. J.] *Decreed*, that the property in the proceedings mentioned be sold, and for that purpose appointed a trustee, who was to make sale thereof on a credit of twelve months, &c. The trustee to pay over to the complainant so much as by the auditor of the court shall be ascertained and reported to be due to him, &c. and the balance, if any, bring into court, &c. *Decreed* also, that the auditor of the court ascertain and report to the court, with all convenient speed, the amount of principal and interest due to the complainant secured by the

said mortgage. From which decree the defendants appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, and DORSEY, J.

*Magruder*, for the Appellants, contended, 1. That before a decree was passed, the sum due should have been ascertained; there ought to have been a decree to account. 2. That the executor or administrator of the father of the appellants, ought to have been made a party to the suit, in order to contest the claim of the appellee, and show, if he could, that other payments were made. 3. That the decree ought to have fixed a day by which the defendants below might bring into court the money actually due, and before which day a sale ought not to have taken place.

On the *first* and *third* points, he referred to the act of 1785, *ch.* 72, *s.* 3. *Pow. on Mort.* 1039, 1040, 1057, 1058, 1072.

On the *second* point, he relied on *Tyler vs Bowie*, 4 *Harr. & Johns.* 432.

*R. Johnson*, for the Appellee. On the *first* and *third* points, he cited *Mondey vs Mondey*, 1 *Ves. & Beam.* 223. *Mills vs Dennis*, 3 *Johns. Ch. Rep.* 368.

On the *second* point, he cited *Knight vs Knight*, 3 *P. Wms.* 333, *(note.) Pell vs Brown*, 2 *Bro. Ch. Rep.* 279.

BUCHANAN. Ch. J. delivered the opinion of the Court. Three questions have been raised and submitted to the court in this case.

1. Whether there should not have been a decree to account, and the amount of the sum due ascertained, before the decree for a sale of the land was passed.

2. Whether the executor or administrator of the father of the appellants, the defendants below, should not have been made a party.

3. Whether instead of an absolute decree for the sale of the land, a day should not have been given in the decree to the appellants for bringing the sum due into court.

The answer to the *first* is, that the bill is for the foreclosure of a mortgage to secure the payment of a sum certain, which *is*

stated in the bill and deed of mortgage, with interest thereon, or a sale of the mortgaged premises for the payment of the amount due; stating that several payments had been made at different times, and showing by endorsements on the back of the mortgage deed, which is exhibited, the respective sums paid, and the times when; that the appellants, the defendants below, admit in their answer, the original debt and mortgage, and that the only payments made are those stated in the bill, and endorsed on the deed, and consent to a sale of the mortgaged premises for the payment of the balance of principal and interest due to the complainant. The necessity, therefore, for a decree to account, in order to ascertain the sum due before a sale of the mortgaged premises was decreed, did not exist. It was neither a controverted nor complicated case; the debt is a single debt on bond secured by mortgage, and admitted in the answer, with consent to a sale of the mortgaged premises, for the payment. The principal sum, and every payment made, appear by bill and answer, and nothing but a mere calculation of interest was necessary to show the whole amount due. The decree, moreover, is for a sale on a credit of twelve months, and contains an order to the auditor to ascertain and report the amount of the principal and interest, with all convenient speed; which is substantially all that was necessary to be done before the sale in this case.

As to the *second* question. If it was a proceeding for the sale of the real estate of a person dying without leaving personal property sufficient for the payment of his debts, it would have been necessary to make the executor or administrator of the deceased debtor a party—the real estate being only answerable in the event of the insufficiency of the personal property to discharge the debts, which is necessary to be shown before a decree can be obtained for the sale of the real estate; and to that end it is proper and required, that he, who has the administration of the personal estate, should be a party; otherwise it would be extremely difficult to come at the fact of insufficiency of the personal assets; and real property might often be subjected to the payment of debts, for which it was not liable. But this is not a case of that character. It is one in which a creditor, under no obligation to look to the personal estate of

his debtor, in pursuing and seeking to subject to the payment of his debt, a fund on which he has a specific lien, and with which the executor or administrator has nothing to do, and need not, therefore, be made a party.

To the remaining question, it is a sufficient answer to say, that although ordinarily, under the *third section* of the act of 1785, *ch.* 72, the defendant is entitled to have a day given him to bring in the money, on a decree for the sale of mortgaged premises; yet, being for his benefit, he may waive it if he pleases, which appears to have been done in this case. The answer confesses the complainant's claim, and consents to a sale for the payment of it, on such terms as to the court should appear equitable; thus untying the hands of the court, and giving a discretion over the question of *time for the payment of the debt,* to which the terms of the consent to a sale could alone effectively apply, and *not to the terms of sale,* over which the appellants had no control, and could give none to the court by any consent or act of theirs—all sales in such cases being required by an express provision of the law to be for cash, except where a *complainant* shall consent to its being on a credit. And although a day for the payment of the sum due on the mortgage is not expressly given in the decree, yet the sale being directed to be on a credit of twelve months, it is equivalent to a day being given to the appellants for the payment of the debt, and is entirely, we think, within the terms of the consent given in the answer to a sale.

DECREE AFFIRMED.