GAITHER and WARFIELD *vs.* WELCH's Estate.—*Dec.* 1831.

Absolute judgments at law obtained by a creditor of a deceased against his executor or administrator, amount to an admission of assets, and cannot be resisted on the ground of a deficiency of assets; but as between a creditor and the heir at law, in a proceeding to subject the real estate to the payment of his debt, such a judgment is not conclusive, but the creditor may show a deficiency of assets.

An administrator, who has confessed judgment, and thus admitted assets, being a creditor himself, may, as against the heirs of his intestate, for the purpose of subjecting the real estate to his claim, show that in fact the assets are not sufficient to pay all the creditors.

A judgment against an executor or administrator, does not furnish any evidence of the original debt, against the heir at law, in a proceeding to sell the real estate for the payment of debts, on the ground of a deficiency of assets.

Where the proceeds of a deceased's real estate are in the Court of Chancery, and a creditor wishes to subject that fund to the payment of his debt, upon the ground of a deficiency of assets, he is not called upon, in the first instance, to exhibit full proof of his claim. That may be done under the order *nisi* on the heirs at law.

APPEAL from the Court of Chancery.

On the 6th of November, 1829, the appellants, *William Gaither* and *Joshua Warfield*, filed their petition in Chancery, stating among other things, that previously thereto, to

wit, in July, 1826, a decree had passed for the sale of the real estate of *Nicholas Welch*, deceased, for the payment of a debt due from him to one *George Ellicott*. That a sale was accordingly made, reported to, and ratified by the Chancellor, and such other proceedings were had, that the auditor of the court stated an account, whereby the balance of the proceeds of said real estate, after satisfying the complainant's claim, was distributed among the heirs at law of said deceased—which account was duly ratified and confirmed by the Chancellor. That said *Welch*, at the time of his death, was indebted to the petitioner, *Gaither*, in a large sum of money, for which, after his death, he recovered judgments against the other petitioner, *Warfield*, and *Rachel Welch*, his administrators, as will appear by short copies thereof, exhibited by the petitioners in a former petition filed in the same cause, on the 25th of August last. And they also say, that judgments for the same claims were recovered against the petitioner, *Warfield*, as security for the said *Welch* They charge—that although the judgments recovered as aforesaid against the administrators of the said *Welch*, appear to be *absolute* judgments, yet in fact the personal estate of the deceased, in the hands of his administrators, at the time of their rendition, was, and is insufficient to pay his debts, as will appear by certain exhibits filed with the former petition. The petitioner, *Warfield*, alleges, that said judgments were rendered improvidently, and in ignorance of their legal effect, and that he supposed they would only bind a fair proportion of the assets in his hands, under which impression he has accordingly, regularly, and equally distributed the assets amongst the creditors. He also alleges, that he is individually a large creditor of the deceased; and they *pray*, that the surplus of the aforesaid real estate, distributed as above mentioned, among the heirs at law of the deceased, may be applied to the payment of their claims, and all other unsatisfied claims against said estate, which may be properly proved, in equal proportions.

The judgments in favor of *Gaither*, against the administrators of *Welch*, and *Warfield* as his security, exhibited with the first petition, amount to a sum considerably exceeding the balance in the hands of the administrators, as appears by copies of their accounts settled with the Orphans Court, likewise exhibited with the original petition. The claims due *Warfield*, filed with the present petition, are less than that balance.

BLAND, Chancellor, on the 9th November, 1829, passed the following order :

The petition of *William Gaither* and *Joshua Warfield*, for themselves, and in behalf of other creditors of *Nicholas Welch*, deceased, filed in this cause on the 6th inst. having been submitted without notes or argument, the proceedings were read and considered. The petitioners, *Gaither* and *Warfield*, presented their claims by a petition filed on the 25th August last, which was disposed of by the order of the 26th of the same month, and feeling satisfied with the correctness of that order, it will be only necessary now to say, why I deem the new matter with which the claim is connected in this petition, to be altogether unavailable. The petitioner, *Warfield*, states that the judgments were rendered improvidently, and from ignorance on his part, of their legal effect and operation. If ignorance of law to this extent, were to be considered as a sufficient foundation for a court of equity to interpose, there are few judgments of a court of common law, which a Court of Chancery might not be called upon to revise and reform. But this court, can in no case, revise or reform a judgment of a court of common law in any respect whatever. And there are no such special circumstances of fraud, surprise or mistake, set forth in this petition, as can give this court jurisdiction to grant relief against those, who as heirs, creditors, or parties, may have a right to avail themselves of the effect and operation of the absolute judgments obtained against the petitioner, *Warfield*, as the administrator of the late *Nicholas Welch ;*

and therefore, upon this ground, and for the reasons given in the order of the 26th August last, the claim must be again rejected.

But the petitioner, *Warfield*, states, that he is himself a creditor of his intestate. If so, it is perfectly well settled, that he might have at once retained and applied, of the assets which came to his hands, so much as was sufficient to satisfy his own claim; and having this well known legal right, it must be presumed, that he did so retain to that amount; because the absolute judgment rendered against him, was a tacit and conclusive admission, that he had assets sufficient to satisfy that, as well as his own claim; which could only be satisfied, by retainer in whole, or in due proportion with those of others, for which suits might be brought. And since he made no defence on the ground of an insufficiency of assets to satisfy his own claim, as well as that for which the suits were brought, these absolute judgments must be considered as alike conclusive evidence of a sufficiency of assets to satisfy both of them.—*Ordered* that the petition be dismissed with costs.

From this order the petitioner appealed to this court.

The cause was argued before BUCHANAN, Ch. J., ARCHER, and DORSEY, J.

*Alexander*, for the appellants, contended,

1. That the matters stated in the petition, if proved, would entitle the petitioners to the relief prayed against the payments recovered by *Gaither* against the administrators of *Welch.* 2 *Vernon*, 146. 2. That the petitioner, *Warfield*, was entiled to relief, in respect of his particular claim; the judgments above mentioned not concluding the said petitioner as to the sufficiency of personal assets, to satisfy his own claim.

No counsel appeared for the appellee.

BUCHANAN, Ch. J., delivered the opinion of the court.

The petition of the appellants appears to have been dismissed by the Chancellor, on the ground that the judgments

at law obtained by *William Gaither*, against the administrator of *Nicholas Welch*, were conclusive evidence of a sufficiency of personal assets in the hands of the administrator, to satisfy both their claims ; and therefore precluded their proceeding against the real estate of the deceased, which could not be subjected to the payment of their claims, except upon an insufficiency of personal assets, which, by reason of those judgments, they were not permitted to show. As between *Gaither* and the administrator, the judgments being absolute, do certainly amount to an admission of assets, and the enforcement of them could not be resisted on the ground of a deficiency of assets. But as between a creditor and the heirs at law, in a proceeding to subject the real estate to the payment of his debt, a judgment, though absolute, against an executor or administrator of the ancestor, does not, we think, so stand in his way, but that the creditor may be let in, to show a deficiency of personal assets: and if in this case, *Gaither* had shewn himself to be a creditor, he would, on proof of a deficiency of personal assets, have been entitled to come in among other creditors, for a just proportion of the surplus proceeds of the real estate of *Nicholas Welch*, remaining after satisfying the lien for which the land had been sold, under a former decree of the Chancellor. The judgments alone against the administrator of *Nicholas Welch*, exhibited in the petition, would not, it is true, have furnished any such evidences of debt, as against the heirs at law, as to entitle him to payment out of the surplus proceeds of the real estate, even if he had been permitted to prove a deficiency of assets : and at the time of the rejection of the petition, he had offered no other evidence of his claim. But the fund proceeded against, being already in court, under a sale before made, it was not indispensably necessary that full proof of his claim should have been exhibited with the petition; but if the petition had not been dismissed on another ground, that proof might have come in, in the further progress of the proceedings, under an order *nisi* on the heirs at law, on the principle of the

rule that appears to have been adopted by the Chancellor, in the case of *Fenwick and Bird vs. Loughlin and Hawkins,* in the Court of Chancery, and which we think a convenient rule. With respect to *Joshua Warfield,* the other petitioner, there is no objection to the character of the evidence exhibited with the petition, in support of his claim. But he is himself the administrator of *Nicholas Welch,* and by his own showing, by his several accounts as settled in the Orphans Court, there appears to be in his hands, assets to a much larger amount than sufficient to satisfy his debt; and if there are no other subsisting, unsatisfied claims against the estate, or not to an amount exceeding, together with his, the amount of the personal assets remaining in his hands, there is no pretence for his going against the real estate. But if there is in fact, a deficiency of personal assets, to meet the subsisting claims against the estate, notwithstanding the judgments obtained by *Gaither,* the other petitioner, are conclusive against him, as between *Gaither* and himself; yet we think they have not the effect to preclude him from shewing such deficiency, in order to let in his claim against the proceeds of the real estate. It is our opinion, therefore, that the petition ought not to have been dismissed; but that the petitioners should have been permitted to show a deficiency of personal assets, by the admissions of the heirs at law, or as they could, if such was the fact, and an opportunity offered them of establishing their respective claims.

**DECREE REVERSED.**