MARY DeCHARMES GARRISON et al. *vs.* THOMAS HILL, Executor, et al.

*Jurisdiction of Equity to Enforce Distribution of an Estate by the Executor—Accounts Passed in the Orphans' Court—Delay by Executor—Death of Legatee before that of Testator—Costs.*

Where the person to whom property is bequeathed under a will dies before the testator, such property passes to the next of kin of the legatee who are living at the death of the testator.

Where an executor refuses to pay over the money in his hands to a person claiming the same as distributee until the right of such person to receive it is established, equity has. jurisdiction to grant relief upon a bill by the distributee against the executor.

When a Court of Equity superintends the settlement of the personal estate of a decedent, the accounts of the executor, already settled in the Orphans' Court, should not be disturbed, unless they are clearly shown to be erroneous. Clear evidence of guilty knowledge, fraud or collusion should be produced to justify the Court of Equity in holding an executor responsible for a claim against the estate paid by him after it has been passed by the Orphans' Court.

If an executor unnecessarily delays the settlement and distribution of the estate, keeps the funds thereof in his individual account in bank, and uses the same for his own purposes, he should be required to pay interest on the same.

Where the decree of the Court of Appeals reverses the decree below, remands the cause for further proceedings, and directs the costs to be paid by the appellee individually, this includes all costs in the Court ot Appeals and the Court below, while such costs as are incurred after the cause is remanded, will abide the final result.

Appeal from a decree of the Circuit Court of Baltimore City (Dennis, J.), dismissing the plaintiffs' bill of complaint. The case is stated in the opinion of the Court.

The cause was argued before Robinson, C. J., McSherry Fowler, Briscoe, Roberts, and Boyd, JJ.

*Hyland P. Stewart*, for the appellants.

*Thomas Ireland Elliott,* for the appellees.

Boyd, J., delivered the opinion of the Court.

On May the 10th, 1892, the appellants filed their bill of complaint in the Circuit Court of Baltimore City against Thomas Hill, individually and as executor of Maria M. Johnson, as executor of Emma M. C. Johnson, as administrator *c. t. a.* of Maria E. Weise, and as administrator *c. t. a.* of W. W. Johnson. On May the 13th, 1892, on a petition filed by the plaintiffs, leave was granted to make the trustees of the Seventh Baptist Church of Baltimore, Samuel E. Hill and Thomas Hill, trustee under the will of Maria E. Weise, defendants, which was accordingly done.

The bill alleges that Mary De Charmes Garrison, one of the plaintiffs, is the only heir at law and the next of kin of Maria M. Johnson, claims certain interests in the estates of Maria E. Weise and others in charge of Thomas Hill, and prays the Court (1) to take jurisdiction in the premises ; (2), to construe the wills and determine the rights of the plaintiffs ; (3), to require Thomas Hill, as executor of Emma M. C. Johnson, to account for the rents and profits of the real estate, for the overpayments by him of the collateral inheritance tax from the estate of Emma M. C. Johnson, for the excessive wages paid to an alleged nurse from said Emma's estate, and for the extra commissions claimed on the rents collected from the real estate ; (4), to require Thomas Hill, as executor of Maria M. Johnson and of Emma M. C. Johnson, to pay over the money in his hands belonging to the plaintiffs ; (5), to restrain Thomas Hill from interferring with the real estate, and collecting the rents therefrom ; (6), asks for the appointment of a receiver *pendente lite,* and then concludes with a prayer for general relief.

It alleges that Thomas Hill had paid and settled all the debts due by the estate of Emma M. C. Johnson, as shown by his account filed in the Orphans' Court, and has refused to deliver possession of the balance of the estate over to the plaintiffs, though often requested so to do, etc.

On June the 16th, 1892, Thomas Hill filed his answer as executor of Maria E. Weise, Maria M. Johnson and Emma M. C. Johnson, as administrator of W. W. Johnson, and individually. Amongst other things he admits ·that he is collecting the rents of the real estate mentioned in the bill of complaint ; that he holds in his possession the residue of the personal estate of Emma M. C. Johnson, remaining after the settlement of her estate, and that he has refused to deliver the real estate and personal property to complainants. The answer also alleges that the respondent had filed in the Circuit Court for Baltimore City a bill asking the Court to assume jurisdiction over the settlement of the estate of Emma M. C. Johnson, prior to the filing of the bill in this case, as was well known to the complainant's solicitor. On the 19th of September, 1892, he obtained leave to withdraw his answer and demur. He filed a demurrer alleging that the Court had assumed jurisdiction of the same subject-matter in a cause wherein all the parties to this cause had been joined. On February the 7th, 1893, the demurrer was overruled, and on the 13th of the same month a plea was filed by the permission of the Court, which practically raised the same question as the demurrer. On February the 16th, 1893, the Court passed an order adjudging the plea insufficient in law, and giving the defendant ten days to answer the bill. On March the 17th, 1893, a decree *pro confesso* was passed against Thomas Hill, and on the 24th of that month he prayed an appeal to this Court from the order overruling his plea. On May the 8th, 1893, a certified copy of the order of this Court dismissing that appeal was filed, and on May the 10th an agreement of solicitors to strike out the decree *pro confesso* was filed, and an order of Court passed striking out said decree, granting him leave to file his answer, and the answer was filed the same day. By it he admits that he has refused to surrender either the real or the personal property to the complainants, pending a decision as to the parties properly entitled to the same in a case already instituted by himself and still in

existence. A general replication was filed and leave granted to take testimony on September 6th, 1893. Testimony was commenced October 26th, 1893, and returned March the 5th, 1894. In the meantime the title to the real estate had been determined by ejectment suits, one of which was in this Court at the January term 1894.

The case referred to in the pleadings of the defendant, Thomas Hill, as pending, was instituted on May the 10th, 1892, the same day that this one was by Eliza P. Johnson and husband, Thomas Hill, executor of Emma M. C. Johnson and Thomas Hill, trustee under the will of Maria E. Weise, against the trustees of the Seventh Baptist Church of Baltimore, Mary Garrison, Thomas Garrison, her husband, and others. That bill prayed the Court to assume jurisdiction over the personal estate of the said Emma M. C. Johnson, asked that a decree be passed for the sale of the real estate mentioned in the bill, and for further relief. On August 9th, 1892, a demurrer was filed to the bill by Mr. and Mrs. Garrison, and on December the 19th, 1892, the Court sustained the demurrer with leave to the plaintiffs to amend, within ten days, by striking out all except so much as covered the case made by the executors in asking for a construction of the will and the administration by that Court of the assets remaining in his hands. On January 9th, 1893, the plaintiffs having failed to amend within the time fixed by the Court, a decree was passed dismissing the bill of complaint. An agreement of solicitors having been filed, an order of Court was passed February 4th, 1893, striking out the decree of January 9th, 1893, and extending the time for filing an amended bill to three days from the date of the order. On February the 6th, 1893, an amended bill was filed. It omits the prayer for the sale of the real estate, asks the Court to assume jurisdiction over the distribution of the personal estate of Emma M. C. Johnson, to construe the will of Maria E. Weise, Maria M. Johnson, Emma M. C. Johnson, and determine who are entitled to the personalty by reason of said wills or otherwise, and then

contains a prayer for general relief. Since the amended bill was filed, the plaintiffs in that case, so far as disclosed by this record, seem to have done but little, if anything, towards bringing the case to a hearing and distributing the estate.

We have thus referred in detail to a number of dates upon which pleadings were filed, disposed of, etc., as we believe they materially reflect upon the question as to whether the executor has used such diligence in endeavoring to settle the estate of Emma M. C Johnson, as the law requires of him, which is relevant to some of the matters hereinafter referred to.

This case was finally heard, and on December 19th, 1894, a decree was passed dismissing the bill with costs. In the decree it is stated that the Court is of the opinion that neither as a matter of law nor of fact are the plaintiffs entitled to relief in the premises. The reasons for such opinion are not given.

We do not see any difficulty in granting the plaintiffs relief under this bill. Which suit was first instituted, is by no means clearly shown, and it is doubtful whether it could be, as the bills were filed the same day. The demurrer and plea of Thomas Hill, by which he undertook to set up the defence of a pending suit, were overruled and apparently that line of defence was decided against him. The bill in the case brought by him was determined on demurrer to be insufficient in law, and in fact the Court passed a decree dismissing his bill as late as January, 1893, although the case was subsequently reinstated. The amended bill filed by him involves a number of matters which were calculated to embarrass and delay the determination of the question which the plaintiffs in this case are interested in having speedily settled. Some persons have been made parties to the suit instituted by Mr. Hill who can have no possible interest in the controversy between these plaintiffs and him, as executor of Emma M. C. Johnson. If it be determined that Mrs. Garrison is, as the only surviving niece of Maria M. John-

son, entitled to the personal estate of Emma M. C. Johnson, then nothing remains to be done but to ascertain how much Mr. Hill, as her executor, is chargeable with and require him to pay it over. That Mrs. Garrison is so entitled has not been seriously questioned in this Court, and there would seem to be no room for any controversy about it. Emma M. C. Johnson died April 22nd, 1891, leaving a will by which she gave everything to her mother, Maria M. Johnson, who died January 31st, 1889. Inasmuch as Maria M. was dead when the testatrix died, the personal property bequeathed to her passed to her next of kin living at the death of the testatrix. *Glenn* v. *Belt*, 7 G. & J. 362 ; *Wallace* v. *DuBois*, 65 Md. 153 ; *Halsey* v. *Convention of Protestant Church*, 75 Md. 275. The evidence shows that Mrs. Garrison was the only living child of a brother or sister, and was the next of kin of Maria M. Johnson. Grand nephews and grand nieces are not entitled to share in the distribution. *McComas* v. *Amos*, 29 Md. 120. So we see that Mrs. Garrison is entitled to the personal estate of Emma M. C. Johnson, and we know of no reason why this could not have been determined, so as to protect the executor, several years ago.

It being alleged in the bill and admitted in the answer that the executor refused to pay over to Mrs. Garrison the balance in his hands, a Court of Equity can give her relief, especially under such circumstances as those in this case. *Alexander* v. *Leakin*, 72 Md. 199. It is but just to the executor that the right of the appellant to the distribution be fully and properly established. This can be done in a Court of Equity better than in the Orphans' Court. Then, as he refuses to pay over the distribution to the appellants until they establish the fact that Mrs. Garrison is entitled to it, the Orphans' Court could not furnish them all the relief they were entitled to. But it is not denied that a Court of Equity has jurisdiction in such cases. On the contrary, the executor himself has asked the aid of that Court.

It only remains for us to determine what relief the appellants are entitled to. We do not think the executor should

be charged with the amount paid Mrs. Micheau by him for services alleged to have been rendered by her. Her account was regularly passed by the Orphans' Court, and when the executor settled his account he was allowed the amount of the claim which he had paid to her. The evidence wholly fails to show collusion between the executor and Mrs. Micheau, or any such knowledge of the incorrectness of the claim as would justify us in charging him with it. If we were called upon to determine whether the account was a proper one, we would hesitate to reject it under all the evidence in this case, but we need not pass upon that question. If Mr. Hill can be required to repay to the estate the amount of that account, no executor or administrator would be safe in paying debts proven in the Orphans' Court. When a Court of Equity does take charge of a personal estate, it has no right or authority to disturb accounts already settled in the Orphans' Court, unless they are clearly shown to be erroneous, and it should always be inclined to protect and uphold, as far as possible, the *bona fide* acts of an executor or administrator done in that Court, as under the laws of this State it has been especially established for the settlement of estates of deceased persons. The system providing for the settlement of accounts, etc., in that Court does not afford such protection to an administrator or executor as should be given to them, and Courts of Equity must not unnecessarily increase the risks and liabilities assumed by them. Clear and unequivocal evidence of guilty knowledge, fraud or collusion should be produced to justify a Court in holding an executor responsible for a claim paid by him after it had been *passed* by an Orphans' Court. We think, therefore, the executor should be credited with the amount paid by him to Mrs. Micheau when his account is stated.

As to the claim that the executor should be charged with interest, the bill does not claim interest, and there is nothing to show that the executor had notice that it would be claimed. There have been so many cases and so much contention between these parties that we do not feel justified in direct-

ing interest to be charged against the executor without some more definite evidence of default on his part. The record dose not disclose such diligence on the part of Mr. Hill in securing a settlement of the estate as there should be by an executor. When he settled his account in the Orphans' Court, nearly three years ago, he had a balance of $6,123.56 in his hands for distribution, and although he has probably paid out about one-half of that amount on account of rents improperly charged in his account, there would still be in his hands probably three thousand nollars or more of that money, without taking into consideration any other sums that the appellants claim he is chargeable with. His own evidence shows that he has kept this in his individual account in bank. If he has used it for his own purposes, he should be required to pay interest on it, especially if he has unnecessarily delayed the settlement of the estate. As there are a number of other items with which the appellants seek to charge the executor, this cause should be referred to the Auditor to state an account from the testimony now in the case, and such additional evidence as either party may desire to take if the Court below deems it necessary and proper. We do not think it necessary or proper to pass upon all those items. Some of them cannot well be determined in the present condition of the record, as the evidence is too indefinite and meagre to enable us to reach an intelligent conclusion concerning them. We can see nothing connected with the settlement of this estate which required so much litigation, expense and delay, and the Court below should require the case to be concluded without any unnecessary delay.

It follows from what we have said that the decree must be reversed and the case remanded in order that an account may be stated in accordance with this opinion.

*Decree reversed and cause remanded.*
*Costs to be paid by Thomas Hill*
*individually.*

(Decided March 27th, 1895.)

A motion for a reargument was subsequently made by the appellees, and in disposing of this motion,

BOYD, J., delivered the opinion of the Court.

The motion for a reargument in this case, upon the question of the payment of the costs, must be overruled. We directed Thomas Hill to pay the costs individually, because the appellant is the only person entitled to the distribution of the estate of Maria M. Johnson, and if the costs were paid out of the fund held by the executor, it would be equivalent to requiring the appellant to pay them. We do not deem it necessary to discuss the several reasons argued in support of the motion. We gave the matter full consideration before passing the decree, and are of the opinion now, as we were then, that the facts disclosed by the record fully justify the disposition of the costs made by us. The inquiry has been made as to what costs are included. The decree directs the costs to be paid by Thomas Hill individually. That includes all costs in this Court and the Court below. Of course, such costs as are incurred after this cause is remanded must abide the final result of the case.

(Filed April 19th, 1895.)