## CROTTY, Administratrix, et al. *v.* BROWNING

[No. 23, October Term, 1950.]

*Decided November 3, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Herbert E. Witz,* with whom were *J. Elmer Weisheit* and *McKenrick & Weisheit* on the brief, for the appellants.

The Court declined to hear argument for the appellee.

*Hyman A. Pressman,* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

In this case, an alleged creditor of Oliver V. Hammel, late of Baltimore City, deceased, filed a bill of complaint in Circuit Court No. 2 of Baltimore City against the administratrix and the heirs at law of said deceased. The bill recites the fact that the deceased died intestate, and gives the names of his heirs and also states that the appellant Crotty was appointed administratrix of his estate by the Orphans' Court of Baltimore City. It is

then alleged that Hammel, at the time of his death, was indebted to the complainant in the sum of $9,240.00 for services rendered, enumerating them and stating that they were rendered upon Hammel's promise to pay. Then it is stated that Hammel died "possessed of meager personal property, totally insufficient to pay his debts, but seized and possessed of valuable real estate" situated in Baltimore City, which is shown by copies of two deeds. The final allegation is that the personal property of Hammel being insufficient to pay the complainant's claims against his estate, she is entitled to have his real estate sold to pay his indebtedness. The prayers of the bill are for such a sale, for a decree that the estate is indebted to the appellee in the sum claimed, and for a permanent injunction preventing defendants from transferring the real estate, and for further relief. The bill was not sworn to. The defendants demurred on the ground that complainant's claim was not filed against the estate, that the administratrix had by law 90 days in which to file an inventory, and, until such inventory was filed, the complainant did not know the value of the personal estate and was in no position to ask any court for an order to sell the real estate. The defendants' demurrers were overruled on February 20, 1950 and an appeal was taken to this court. Such an appeal was permissible at that time, and therefore it is before us for consideration.

The point raised by appellants is that the Orphans' Court has full power to administer the personal estate of a decedent, and that until such estate is administered to such an extent that it can be seen from the record that there is not sufficient personal estate to pay debts, no creditor has a right to file a bill to sell the real estate. It is further contended that such a creditor must file a claim in the Orphans' Court and, if it is denied, he must bring the suit in a law court, and that Article 16, Section 242 contemplates such action. They trace the history of this section and reach the conclusion that the Act of 1785, Chapter 72, which was the antecedent of the

present Article 16, Sections 242 and 243, the latter section enacted by Acts of 1884, ch. 396, was not intended to interfere with the procedure and regulations provided in Chapter 101 of the Acts of 1798 and now contained in Article 93 of the Code for the settlement of decedents' estates.

There is no case which directly passes upon this rather unique argument, but it certainly is contrary to the practice of the Maryland bar. It has been the custom for a creditor to file his bill of complaint making the allegation that the personal estate is insufficient, and, after proving his claim and the insufficiency of personal assets, to get a decree under which the real estate is sold and conveyed to a purchaser. There are perhaps thousands of pieces of real estate which have been sold under this procedure, without regard to the necessity of either filing a claim in the Orphans' Court, or waiting upon the records in the Orphans' Court to show insufficiency of assets.

The appellants refer to the opinion of Judge McSherry in *Van Bibber v. Reese*, 71 Md. 608, 18 A. 892. In that case a testator died leaving a considerable estate, both real and personal. His widow, who was also his executrix and his sole residuary legatee and devisee, stated an account in the Orphans' Court showing a balance in her hands amounting to $7,704.10 which went to her as residuary legatee. Shortly prior to this time, she had sold a house belonging to her husband's estate to Dr. Van Bibber. The latter contended that some creditor might turn up who could file a bill for the sale of the real estate, and therefore he could not get a merchantable title to the property. The widow brought suit against him for specific performance, and, on this state of facts, the court said that the liability of the real estate for debts was contingent upon the insufficiency of the personal estate, and after a final account had been stated in the Orphans' Court showing the personal estate as sufficient to pay debts, then there was no condition existing upon which a court of equity might decree the sale

of the real estate. Real estate could not continue indefinitely to be called upon for payment of merely possible obligations, and, while the settlement in the Orphans' Court was only *prima facie,* it did, while unimpeached, furnish notice that the real estate was not to be sold to satisfy the demands of creditors. Therefore, a bona fide purchaser could safely take such property and could not raise the contention made by the purchaser in that case.

We are unable to find in this decision any support for the appellants. It does not hold that a creditor may not file his bill against the real estate before the estate is settled. On the other hand, it states that he may even file it after the estate is settled, and the account in the Orphans' Court shows sufficient personal assets to pay all claims, provided the Orphans' Court is in error, and that the account does not represent the true facts. It appears, therefore, that the authority of the equity court does not necessarily depend on anything done in the Orphans' Court, but is based upon the actual facts shown. The only conclusion in the case on this question is that action in the Orphans' Court will protect a bona fide purchaser from a suit to sell real estate, which is not brought until after the final account has been filed showing sufficient personal assets to pay the debts.

Another case relied on by appellant is *MacGill v. Hyatt,* 80 Md. 253, 30 A. 710, 712. In that case, a creditor's bill was filed by a mortgage creditor of a deceased who left a real and personal estate of great value. The mortgage creditor took possession of the property and collected rents, but she did not allege and was unable to assert that the personal estate was not sufficient to pay the debts. She claimed some concealment of assets and stated in her bill that the personal estate "or at least such portion thereof which now remains" is not sufficient. The court said that was far from the statutory requirement and that before the real estate of a deceased debtor can be appropriated for the payment of debts, the deficiency of the personal estate *left* by the decedent must

be alleged and proved. The court held that under the circumstances the proper procedure was to compel those in charge of the estate to properly account to the Orphans' Court so that it could appear of what the estate consisted.

In the case of *McLaughlin v. McGee,* 131 Md. 156, 101 A. 682, 684, a creditor filed his claim in the Orphans' Court and, upon finding assets to be insufficient, filed a bill in equity for the sale of the real estate. The court said: "Creditors of deceased persons have the right to have their claims passed in the orphans' court, but that does not prevent them from proceeding in a court of equity by way of a creditors' bill in case of an insufficiency of assets." Demurrers to the bill of complaint which had been sustained, were overruled and the case sent back for further proceedings. The court said that if a creditor goes into an equity court and makes such allegations as are necessary and sustains them by the necessary proof, there can be no reason for sending him to the Orphans' Court, especially if there are no funds there. If the contention of the appellants in this case is correct, the court in that case would have compelled the creditor to proceed through the Orphans' Court first, but it clearly did not consider this a necessary procedure.

It seems quite clear to us that the statute itself by its definite wording gives a creditor the right to sell the real estate of his deceased debtor if the personal estate is insufficient to pay debts, and that all such a creditor has to do is to make this allegation definitely and to prove it, and also, of course, to prove his claim. When this is done, the court has authority to decree the sale of the real estate. The appellee in the case before us has made these allegations and her bill of complaint in that respect complies with the statute. We think the chancellor was correct in overruling the demurrer and his order will be affirmed.

*Order affirmed with costs.*